IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2195-FL

| | |
|---|---|
| JOHN CHRISTOPHER GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT JONES, ) | |
| ) | |
| Respondent. ) | |

This matter came before the court on respondent's motion to dismiss (DE # 5) and petitioner's request for a writ of mandamus (DE # 9). The time set for further briefing has passed, and the issues raised in these motions are now ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

## STATEMENT OF CASE

On March 14, 2006, petitioner was convicted in Wake County Superior Court of common law robbery and first-degree burglary. See State v. Green, 191 N.C. App. 400, 663 S.E.2d 14, 2008 WL 2736433, at *1 (2008) (unpublished table decision). Petitioner was sentenced to consecutive terms of fifteen (15) to eighteen (18) months imprisonment on the robbery conviction and seventy-seven (77) to one hundred two (102) months imprisonment on the burglary conviction. Id. Petitioner filed a notice of appeal, and the North Carolina Court of Appeals affirmed his conviction. Id. at *7. The Supreme Court of North Carolina denied petitioner's request for discretionary review on October 9, 2008. See State v. Green, 362 N.C. 511, 668 S.E.2d 344 (2008).

On December 22, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in Wake County Superior Court, which was denied.[1] On April 29, 2010, petitioner submitted a *pro se* petition for a writ of certiorari to the North Carolina Court of Appeals. Certiorari was denied on May 27, 2010. On July 23, 2010, petitioner re-filed an identical *pro se* certiorari petition in the North Carolina Court of Appeals. Certiorari again was denied on August 11, 2010.

On August 19, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In his petition, petitioner alleges that (1) his Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution were violated because his indictment did not support his conviction; (2) his Sixth Amendment rights were violated because he was not provided the opportunity to confront witnesses; and (3) his Sixth Amendment rights were violated because he received ineffective assistance of counsel. On September 28, 2010, respondent moved to dismiss the habeas petition as time-barred. Petitioner responded and also filed a petition for writ of mandamus, requesting that the court order respondent to address the merits of his claims.

## DISCUSSION

A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the

---

[1] The court has provided plaintiff's filings in this action the benefit of the mailbox rule it its discussion of the filing dates of his various pleadings. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction or other collateral review is "pending" from initial filing until final disposition by the state court. see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

B. Analysis

In this case, the North Carolina Supreme Court denied discretionary review on October 9, 2008. Petitioner thereafter had ninety (90) days within which to file a petition for writ of certiorari in the United States Supreme Court. See Sup. Ct. R. 13(1). Petitioner did not file a petition within this time period. Thus, his conviction became final on January 7, 2009. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2001). The statute of limitations began to run on this date until petitioner filed his MAR three hundred forty-nine (349) days later, on December 22, 2009. Petitioner's statutory period then remained tolled until the his first certiorari petition was denied on May 27, 2010. The statutory period then resumed and expired sixteen (16) days later on June 14, 2010. Petitioner did not submit his § 2254 petition until August 19, 2010, which was subsequent to the expiration of the statute of limitations.

Petitioner nevertheless argues that he is entitled to equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The Fourth Circuit has noted the rarity in which equitable

3

tolling applies, stating that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (internal citation and quotation marks omitted).

Petitioner bases his equitable tolling claim on the fact that he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS") and the North Carolina Center for Actual Innocence prior to filing his habeas petition. But an attempt by an untrained prisoner to obtain professional legal assistance does not constitute exceptional circumstances for the purposes of equitable tolling. Cf. Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("[L]ack of representation during the applicable filing period [does not] merit[] equitable tolling."). Accordingly, petitioner's equitable tolling claim fails to satisfy the "extraordinary circumstances" standard required by Fourth Circuit law..

Petitioner alternatively asserts that Rule 9(a) of the Rules Governing Section 2254 Cases provides that respondent must demonstrate that it was prejudiced by petitioner's late filing to establish that an action is time-barred. It appears that petitioner mistakenly is relying upon the doctrine of laches embodied in former Rule 9(a) of the Rules Governing Section 2254 cases, which was has been superseded by ADEPA's one-year statute of limitations. See 2004 Advisory Committee Note to Rule 9 of the Rules Governing Section 2254 Cases ("Rule 9(a) has been deleted

4

as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of [AEDPA]."). Any "prejudice" to respondent is immaterial under § 2244(d).

Accordingly, for the reasons set forth above, plaintiff's action is time-barred. Respondent's motion to dismiss is GRANTED. Petition for a writ of mandamus seeking to compel respondent to address the merits in this action is DENIED AS MOOT.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

5

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 5) is GRANTED, and petitioner's motion for a writ of mandamus (DE # 9) is DENIED AS MOOT. This action is DISMISSED and a certificate of appealability is DENIED.

SO ORDERED, this the 17 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge